## LEARY *v.* MELCHER *et al.*

(*Supreme Court, General Term, First Department.* May 15, 1891.)

PLEADING—COMPLAINT—SINGLE CAUSE OF ACTION.

　　In an action to recover a trust fund the complaint alleged that several trusts with cross-remainders had been created by a will, one of which was for the benefit of plaintiff's decedent, and that the trustees had distributed some of the trust funds, but had not accounted therefor. The prayer for judgment was that the trustees be required to account, and that judgment be rendered against the trustees and against all the beneficiaries under the several trusts in whose hands any of the funds belonging to plaintiff's decedent should be found. *Held,* that the complaint stated only one cause of action.

Appeal from special term, New York county.

Action by Arthur Leary, as executor, etc., against John H. Melcher and others. The prayer of the complaint was: "*First.* That the parties to this cause proceed to an accounting of the administration of the trusts created by the thirteenth clause of the said will of Paran Stevens, and that the said executors, executrix, and trustees, and each of them, upon such accounting, do fully disclose and set forth and charge themselves with all sums of money or items of other property, as of their true and proper dates and times of receipt, by them received from the capital or principal sum or sums invested in said hotels or partnership interests in hotels as aforesaid by the said Paran Stevens in his life-time, or by the said executors, executrix, and trustees, or either of them, after his decease; and that they do in like manner further set forth and disclose and charge themselves with all sums of money or items of other property, real or personal, by them, or any of them, received as part or on account of the principal of said trust fund created and existing under the said thirteenth clause of said will, other than such as were received from hotel interests or partnerships; and that they do also in like manner fully set forth and fully disclose and charge themselves with all such sums of money, as of their true and proper dates and times of receipt, as they or any of them may have received from the incomes or profits of the said hotel interests or partnerships authorized to be received and required to be distributed as income under the said will by the said judgments of this court, so as aforesaid rendered on the 28th day of February and the 7th day of July, 1873; and that they do also set forth and fully disclose and receive credit for all their proper charges, commissions, costs, and expenses incurred and paid in the administration of the said trust-estate, and for all moneys that they paid to the said Henry Lieden Stevens in his life-time, or to his guardian during his minority; and that they account for and fully disclose all moneys or property of said trust-estate remaining in the hands of them, or either of them, unexpended, and fully and at large set forth and disclose what disposition has been made by them of all other sums of money and items of property belonging to said trust fund, and received either as capital or income thereof, discriminating between the two, and stating the same separately. *Secondly.* That upon said accounting and in the adjustment and settlement thereof this court shall find and adjudge what amount of money or other property, at the time of the death of the said Henry Leiden Stevens, constituted the principal of the trust fund given by and then existing under the said thirteenth clause of the will of the said Henry Leiden Stevens, and in what form, shape, and manner the same had been in-

vested and was then in existence, and what portion and amount thereof was payable to the said Henry Leiden Stevens when he reached the age of twenty-five years, viz., on the 20th day of October, 1883, and what portion thereof remained payable unto him until his death, and what portion therof is now payable to this plaintiff, and what amount of interest has accrued thereon. *Thirdly.* That this court shall, in like manner, upon said accounting, find and adjudge what sum or sums of money grew due and accrued by way of income before and at the time of his death to him, the said Henry Leiden Stevens, because or on account of or resulting from the said trust fund created by the thirteenth clause of the will of the said Paran Stevens, deceased, or from the income or profits of the said hotels and hotel partnerships, and what portion thereof is now payable to this plaintiff, and the dates from which interest shall be computed on the several items thereof. *Fourthly.* That this court shall render judgment for this plaintiff against the said John L. Melcher, Charles G. Stevens, George F. Richardson, and Marietta R. Stevens, or against such of them as may be found and adjudged, upon the said accounting, to have received and to be legally chargeable therewith, to the extent of all sums of moneys or values of other property which may be found and adjudged to have been due and payable, at the time of the death of said Henry Leiden Stevens, to him, said Henry Leiden Stevens, and which may upon said accounting be found and adjudged to be due to this plaintiff, with interest thereon from the proper dates thereof. *Fifthly.* That this court, upon such accounting, shall find and adjudge in what money, property, assets, or estate of all or of any of the defendants to this cause, any part of said principal or income so adjudged to be now payable to this plaintiff, with interest thereon, has been and now remains invested, and is within the jurisdiction and control of this court, and within the reach of its process. *Sixthly.* That final judgment may be rendered, tracing and following the said trust fund into any property of all or any of the defendants to this cause in which the same shall be found to have been so invested, and charging the said property, and each and every the installments, parts, and parcels thereof in the hands of any and all defendants to this cause, and the defendant or defendants so in charge or of possessing or controlling the same, with liability to this plaintiff to restore to and make whole the said trust fund created by and existing under the said thirteenth clause of the will of said Paran Stevens, deceased, so far as the same shall have been withdrawn therefrom, and may be now traced and followed therein as aforesaid by the judgment of this court. *Seventhly.* For such other and further relief to which in equity and good conscience upon the said accounting and upon final judgment this plaintiff may prove to be entitled." The thirteenth clause of the will is as follows: "*Thirteenth.* I give and devise the remaining one-third of the residue and remainder of my estate to the said Charles G. Stevens, John L. Melcher, and George F. Richardson, in trust to take, manage, and invest the same as a trust fund for the benefit of my son, Henry Leiden Stevens, and to collect the profits, income, and interest thereof and during the minority of my said son, to apply so much thereof as may be necessary for the support and education of my said son; and, after he shall attain his majority, and until he shall be twenty-five years of age, they shall pay over the income aforesaid to my said son, and upon his becoming twenty-five years of age they shall pay over to my said son the whole of the said principal sum and the accumulations thereof, except the sum of four hundred thousand dollars, which they shall continue to manage and keep invested as a trust fund, and collect the income thereof, and pay the same to my said son during his natural life, unless the principal of my said son's share of said residuary estate shall amount to less than four hundred thousand dollars, in which case they shall pay him one hundred thousand dollars when he becomes twenty-five years of age, and keep the balance invested as aforesaid; and upon his decease they shall pay the principal of said fund to the children

of said Henry, the descendants of any deceased child to take the share their parent would have taken if living. In case said Henry shall leave no descendants him surviving, then said trustees shall pay and convey over the said principal of said trust fund to my said daughters, Ellen and Mary Fiske, equally, or, in case they or either of them shall have theretofore died leaving descendants, such descendants shall take the share their parents would have taken if living. If either shall have died, leaving no descendants who shall then be surviving, the other, or, in case she shall have also died, leaving descendants, such descendants shall receive the whole of said trust fund. Should, however, there be then no descendants of mine living, the same shall be paid and conveyed one-half to my said wife if living, and the other one-half, or, if she be deceased, then the whole of the same, shall be disposed of in the same manner and in the same proportions as is hereinbefore directed in the case of the trust fund created for the benefit of my wife after her decease; and in case my said son shall die before attaining the age of twenty-five years, or before receiving the amount then hereinabove provided to be paid to him, such sum shall also belong and be disposed of in the same manner as in the case of said four hundred thousand dollars, as above provided." Defendants appeal. For former opinions, see 6 N. Y. Supp. 635, 638, 811, 957.

Argued before VAN BRUNT, P. J., and DANIELS and LAWRENCE, JJ.

*John E. Burrill* and *George Zabriskie,* for appellants. *Hoadley, Lauterbach & Johnson,* for respondent.

LAWRENCE, J. In disposing of the motion, PATTERSON, J., delivered the following opinion:

"This is a motion to compel the plaintiff to reform his complaint in three particulars: *First,* to make it more definite and certain respecting specific subjects mentioned in the notice of motion; *secondly,* to strike out the allegations in the complaint relating to plaintiff's appointment as a trustee under the marriage settlement of Mr. and Mrs. Paget; and, *third,* to separately state and number the causes of action in the complaint alleged against various sets of trustees referred to in the notice and against certain individuals. Concerning the second subdivision of this motion it is sufficient to say that the mention of the trusteeship of the plaintiff under the marriage settlement referred to cannot be considered altogether irrelevant and redundant, for the plaintiff is simply bringing to the notice of the court in an equity suit a fact which may be of consequence, and as to which the court should be advised, and it is not improper to set it forth in the complaint. As to the third ground upon which the reformation of the complaint is sought, undoubtedly, if there were separate and independent causes of action set up against the several sets of parties, as claimed by the defendants, these causes of action should be separately stated. But it is a misapprehension of the real scope of this action to consider that there is an independent and different cause of action against different sets or groups of defendants. There is but one suit in equity for an accounting, the plaintiff claiming that he is entitled to a certain fund of which his testator had the absolute right of disposition under the thirteenth clause of the will of Paran Stevens. The executors of that will are called upon to account; and the fund which the plaintiff seeks to realize, or some part of it, he claims has been distributed by the executors of Paran Stevens' will among all or some of the defendants in this suit, and those defendants who have received a portion of the fund in the distribution referred to are called upon in this suit to make good to the plaintiff the amounts received by them respectively. There is one entire cause of action in equity, and it is not like an action to enforce common-law claims. The question involved here is not as to the sufficiency of the complaint upon demurrer, but as to whether or not the cause of action is stated in such a way that the defendants can plead to the bill. There is but a single cause of action attempted to be set up, and

whether it is good or bad on demurrer we need not concern ourselves with now. Concerning the specific matters referred to in the first subdivision of the notice of motion, after much time spent in going through the voluminous exhibits annexed to the complaint to ascertain what the situation of the parties to this suit is relatively to each other, and gathering from the exhibits, consisting of complicated wills, decrees, and agreements, what might very much better have been stated as direct allegations in the complaint, I find that the complaint is sufficiently definite in all the matters embraced within the various items of the first branch of the motion. It would require too much time to specify particularly the reasons which lead me to this conclusion after an inspection and analysis of these complicated papers, but the result of my examination is that the motion must be denied, with ten dollars costs."

We are of the opinion that the disposition of the case made by the learned justice at chambers was correct, and that nothing can be added to the reasons stated by him in the foregoing opinion. The order below will therefore be affirmed, with $10 costs and disbursements. All concur.